**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0318n.06
Filed: May 5, 2006

**No. 05-3529**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **SHPRESA UJKAJ and ARISA UJKAJ,** | ) | |
| | ) | |
| Petitioners, | ) | On Petition for Review of |
| | ) | Decision of Board of |
| v. | ) | Immigration Appeals |
| | ) | |
| **ALBERTO R. GONZALES,** | ) | |
| **United States Attorney General,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |

BEFORE:     SUTTON and McKEAGUE, Circuit Judges; and CALDWELL, District Judge.*

**PER CURIAM.** Petitioners Shpresa Ujkaj, presently 40 years of age, and her minor daughter Arisa Ujkaj, citizens of Albania, petition the court under 8 U.S.C. § 1252(a) for review of a final decision of the Board of Immigration Appeals. The Board's order, issued on April 20, 2005, affirms without opinion the March 26, 2003 decision of the Immigration Judge, denying petitioners' applications for asylum and withholding of removal and ordering their removal from the United States to Albania. Having carefully examined the briefs and record and having unanimously concluded that the decisional process would not be significantly aided by oral argument, we have cancelled the appellate argument set for May 11, 2006 and now affirm the decision of the Board of

---

* Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Immigration Appeals for the reasons set forth below. *See* Fed. R. App. P. 34(a)(2); 6th Cir. R. 34(j).

Petitioners entered the United States on January 18, 2002 and requested asylum. Lead petitioner Shpresa Ujkaj contends she suffered persecution in Albania because of her support of the Democratic Party and because her husband, Xhevahir Ujkaj, a former inspector in the Albanian Secret Service Agency (who had been demoted after the Socialist Party came to power), abandoned his position and fled Albania in December 2000 after refusing to carry out what he believed to be unlawful orders of his superior. Petitioner contends the government retaliated against her because of her husband's actions, searching her home over her objection, harassing her and causing her to lose her job as a customs officer. She contends she has a well-founded fear of future persecution if she returns to Albania, stating that she may be sexually assaulted and her children kidnaped as punishment for her husband's refusal to follow orders.

The Immigration Judge determined that petitioners had failed to carry their burden of proof. In her 26-page decision, the Immigration Judge noted that petitioner Shpresa Ujkaj's testimony was nonresponsive, argumentative, and lacked crucial corroboration. She identified numerous discrepancies and inconsistencies in the evidence presented, which contributed to her finding that petitioner was not credible. These discrepancies and inconsistencies, the Immigration Judge observed, were particularly troubling in view of the fact that Shpresa is a trained police officer who had worked in government positions for some five years and who could be expected to be a better observer and historian. Shpresa's claim that the hardships she experienced in December 2000 were the product of the government's reaction to her husband's abandonment of his job was found to lack "the ring of authenticity." The Immigration Judge found no evidence to support the claim that

petitioner was persecuted because of any expressed political opinion or support for the Democratic Party. Moreover, the fact that petitioner had experienced no persecution for almost a year after relocating the family within Albania before coming to the United States was deemed to seriously undercut her claim of a well-founded fear of future persecution if she were to return to Albania.

Petitioners insist the Immigration Judge did not fairly evaluate the evidence, that she drew unwarranted inferences, and that her decision is not supported by substantial evidence on the whole record. We disagree. Having carefully considered the Immigration Judge's decision in light of the record, the parties' briefs, and the applicable law, we find no error.

We cannot agree with petitioners that the discrepancies and inconsistencies cited by the Immigration Judge are immaterial or insignificant. The Immigration Judge, whose credibility assessment is entitled to deference, provided specific and cogent reasons for her adverse credibility determination. While we acknowledge that some of the noted discrepancies are more significant than others, petitioners have clearly failed to demonstrate that a reasonable factfinder would be compelled to reach a contrary credibility determination. *See Hassan v. Gonzales*, 403 F.3d 429, 434 (6th Cir. 2005) (defining standard of review for credibility determinations).

Further, we find no error in the conclusion that petitioners failed to demonstrate that they have a well-founded fear of future persecution on return to Albania. Particularly lacking is evidence supporting the required "objective component" of petitioners' claim, *i.e.*, evidence establishing the existence of an "objective situation" in Albania under which petitioners' fear that they will be targeted for persecution on account of political opinion (rather than fear of general conditions of

violence) can be deemed reasonable. *See Gilaj v.* Gonzales, 408 F.3d 275, 283-84 (6th Cir. 2005); *Pilica v. Ashcroft*, 388 F.3d 941, 954-55 (6th Cir. 2004).

Petitioners argue that "he" was "arrested, threatened, and beaten by the police"..... "because of his political activities." Petitioners' Br. pp. 14-15. Petitioners do not identify the person to whom "he" refers.[1] In any event, the argument finds absolutely no record support and deserves no further consideration.

In a second argument that bears some relation to the facts of this case, petitioners contend that Shpresa was subjected to threats and harassment from December 2000 until March 2001, when she relocated the family within Albania. Even assuming the veracity of Shpresa's testimony in this regard, the complained of harassment hardly rises to the level of "persecution." *See Gilaj*, 408 F.3d at 285 (holding that conduct allegedly threatening to life or freedom will be deemed to constitute persecution only if it rises above mere harassment and includes "detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings or torture."). Shpresa may have been subjected to an illegal search of her home in December 2000, immediately after her husband abandoned his position with the Secret Service Agency (assuming the intruders were government agents), but there is no evidence to suggest this was other than an isolated occurrence. Thereafter, the alleged persecution was limited to harassment by telephone until Shpresa relocated the family in March 2001. Tellingly, petitioners make no response to the

---

[1]While "he" might conceivably be deemed to refer to Shpresa's husband, Xhevahir Ujkaj, whose separate asylum application is pending in a different forum, there is otherwise no specific claim or evidence that he was ever arrested or beaten by the police before he left Albania.

Immigration Judge's observation that the post-March 2001 cessation of harassment undercuts the objective component of their claim of well-founded fear of future persecution.

Because we find the reasoning articulated by the Immigration Judge is supported by substantial evidence and properly addresses the issues now raised by petitioners, we conclude that issuance of a detailed written opinion by this court would serve no useful purpose. Accordingly, the final decision of the Board of Immigration Appeals dated April 20, 2005, affirming the decision of the Immigration Judge, is hereby **AFFIRMED** on the basis of the analysis contained in the Immigration Judge's decision. Petitioners' petition for judicial review is **DENIED.**